1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

IN RE *EX PARTE* APPLICATION OF
SUNGROVE CO., LTD.,

          Applicant.

Case No.  23-mc-80080-BLF

**ORDER GRANTING *EX PARTE*
APPLICATION FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782
AUTHORIZING DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS**

[Re:  ECF 1]

Applicant Sungrove Co., Ltd. ("Applicant") has filed an *ex parte* application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order granting leave to obtain limited discovery from JustAnswer LLC in connection with a potential legal action in Japan.  *See* ECF 1 ("App.").  For the reasons set forth below, the application is GRANTED.

## I.     BACKGROUND

Applicant is in the business of providing clients with website creation and search engine optimization services.  *See* Hayashi Decl. ¶ 3, ECF 1-1.  Applicant's principal place of business is in Shinjuku-ku, Tokyo, Japan.  *See id.* ¶ 2.  An anonymous person using the pseudonym *ito-gyosei* posted a negative article regarding Applicant at https://www.justanswer.jp/law/kwiod-.html.  *See id.* ¶¶ 7-10.  The article accused Applicant of fraudulent conduct.  *See id.*  After the article was published, Applicant lost customers and suffered a negative impact on hiring and retaining employees.  *See id.* ¶ 11.

Applicant intends to file a civil lawsuit in Japan against the person who posted the negative article. *See* Kanda Decl. ¶ 8, ECF 1-2. Applicant's counsel has determined that JustAnswer LLC the owner of the domain name https://www.justanswer.jp. *See id*. ¶ 7. JustAnswer LLC is a limited liability company with its principal place of business located in San Francisco, California. *See id.* ¶ 6. Applicant asks this Court for aid in obtaining discovery from JustAnswer LLC regarding the personal identifying information ("PII") of the person who posted the negative article about Applicant. *See id.* ¶ 17. Specifically, Applicant requests issuance of a subpoena for documents on JustAnswer LLC. *See* App. Ex. A (subpoena).

## II.    LEGAL STANDARD

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The statute's purpose is "to provide federal-court assistance in the gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

But "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Instead, a district court has discretion to authorize discovery under Section 1782. *Id.* at 260-61. In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding";

United States District Court
Northern District of California

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65.  In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252.

Section 1782 applications are generally considered on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (internal quotation marks and citation omitted).  "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

## III.    DISCUSSION

### A.    Statutory Requirements

Applicant's request satisfies the three requirements of Section 1782.  First, the statute requires that the respondent be found in the district.  A business entity is "found" in the judicial district where it is incorporated or headquartered.  *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting cases).  JustAnswer LLC is headquartered in San Francisco, California.  *See* Kanda Decl. ¶ 6.  San Francisco is within this district, so this requirement is met.

Second, the discovery must be for use in a proceeding in a foreign tribunal.  For a proceeding to meet this requirement, it need not be "pending" or "imminent"; it need only be "within reasonable contemplation." *Intel*, 542 U.S. at 259.  Here, a civil lawsuit is within

United States District Court
Northern District of California

1    reasonable contemplation because Applicant intends to bring a lawsuit under Japanese law once

2    the identity of the putative defendant is learned.  *See* Kanda Decl. ¶ 8.  Applicant has already

3    retained counsel for the purpose of filing suit.  *See id.* ¶ 5.

4         Third, an application under Section 1782 must be brought by an "interested person."  A

5    litigant in a foreign proceeding is an "interested person" for purposes of Section 1782.  *Intel*, 542

6    U.S. at 256-57.  As the putative plaintiff in the civil lawsuit, Applicant is an interested person.

7    *See* Kanda Decl. ¶ 8.

8         **B.    Discretionary *Intel* Factors**

9         The discretionary factors identified by the Supreme Court in *Intel* weigh in favor of the

10   Court granting the application.

**1.    Respondents are not participants in the foreign action**

12        The first factor, whether the respondent is a participant in the foreign action, supports

13   obtaining discovery from entities who are not parties in the foreign tribunal.  *Intel*, 542 U.S. at

14   264.  "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's

15   jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable

16   absent § 1782(a) aid."  *Id.*  Here, JustAnswer LLC will not be a party or participant in the Japanese

17   civil lawsuit; the only other party would be the anonymous individual.  *See* Kanda Decl. ¶ 18.

18   This factor therefore weighs in favor of granting the application.

**2.    Japanese courts are receptive to U.S. judicial assistance**

20        The Supreme Court next requires a district court to consider "the nature of the foreign

21   tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign

22   government or the court or agency abroad to U.S. federal-court judicial assistance."  *Intel*, 542

23   U.S. at 264.  "This factor focuses on whether the foreign tribunal is willing to consider the

24   information sought."  *In re Varian Med. Sys.*, 2016 WL 1161568, at *4.

25        The Court is not aware of any directive from Japan against the use of Section 1782

26   evidence.  *See In re Jt. Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at

27   *5 (N.D. Cal. Nov. 2, 2016) ("Absent this type of clear directive, however, a district court's ruling

28   should be informed by section 1782's overarching interest in 'providing equitable and efficacious

United States District Court
Northern District of California

4

1   procedures for the benefit of tribunals and litigants involved in litigation and international

2   aspects.'" (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995))).  In

3   fact, courts in this district have previously granted Section 1782 discovery for use in proceedings

4   in Japan.  *See In re Med. Corp. H&S*, No. 19-mc-80058-VKD, 2019 WL 1230440, at *1 (N.D.

5   Cal. Mar. 15, 2019); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at

6   *1 (N.D. Cal. Aug. 10, 2021).  Therefore, this factor weighs in favor of granting discovery.

7   **3.      There is no circumvention of foreign discovery procedures**

8          The third factor asks a court to consider whether the applicant is aiming to circumvent the

9   foreign jurisdiction's proof-gathering restrictions.  *Intel*, 542 U.S. at 265.  This factor will weigh

10  in favor of discovery if there is "nothing to suggest that [the applicant] is attempting to circumvent

11  foreign proof-gathering restrictions."  *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL

12  7146994, at *3 (N.D. Cal. Dec. 15, 2014).

13         Here, there is no reason to believe that Applicant is seeking to circumvent Japanese

14  evidence laws.  Applicant's attorney stated as much in his declaration.  *See* Kanda Decl. ¶ 21.

15  Absent any evidence to the contrary, this factor weighs in favor of granting discovery.

16  **4.      The request is not unduly burdensome or intrusive**

17         The last *Intel* factor asks a court to consider whether the proposed discovery is overly

18  burdensome or intrusive.  542 U.S. at 265.  The subpoena seeks information from JustAnswer

19  LLC about the anonymous individual.  The subpoena is narrowly tailored to seek information

20  necessary to identify the putative defendant, and courts have found that requests seeking similar

21  information were not unduly intrusive or burdensome.  *See Med. Corp. H&S*, 2019 WL 1230440,

22  at *3-4; *Med. Corp. Seishinkai*, 2021 WL 3514072, at *4-5.

23         To the extent JustAnswer LLC asserts that any of the information sought by Applicant is

24  burdensome or confidential or proprietary, JustAnswer LLC can bring a motion to quash or the

25  parties can enter a protective order.  *See, e.g., In re Illumina Cambridge Ltd.*, No. 19-mc-80215-

26  WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (granting application for

27  discovery under Section 1782 but advising respondents that "they can bring an appropriate motion

28  to quash or the parties can enter into a protective order").

United States District Court
Northern District of California

**IV.   ORDER**

    (1)    The *ex parte* application for an order pursuant to 28 U.S.C. § 1782 authorizing discovery for use in foreign proceedings is GRANTED;

    (2)    This order terminates ECF 1; and

    (3)    The Clerk shall close the case.


Dated:  March 28, 2023

_____
BETH LABSON FREEMAN
United States District Judge